Dear Mayor Davis:
We received your request for an opinion regarding the use of Town vehicles by your employees. Because your request questions the use of public property, it must be addressed in light of Article 7, Section 14 of the Louisiana Constitution which prohibits the donation, loan, or pledge of public funds or property.
Our office previously opined that public vehicles must be used for a public purpose. A public vehicle cannot be used personally because such would be tantamount to a donation of public funds which is prohibited by our constitution. See Attorney General Opinions 95-119 and 90-504.
There are instances when a public employee, as part of his employment contract, may be provided a vehicle to use in furtherance of his public duties. However, one must still consider if such use constitutes a donation of public funds. One must consider if such use benefits the public and if the public benefit outweighs any private benefit.
We previously opined that the use of a public vehicle did not violate the constitution. That opinion involved a hospital director who was on call 24 hours per day. He used the vehicle in furtherance of his duties but also drove the vehicle to and from his home to work. Our office reasoned that there was no donation because the vehicle facilitated a prompt response by the director to the hospital when problems arose. The benefit in that situation to the public out weighed the minimal, private benefit. See Attorney General Opinion 90-370.
It is our understanding after speaking further with your office that the particular employee at issue is one of five Town utility employees. The Town owns two utility trucks which are to be used by the employees in furtherance of their public duties. The employee at hand lives 15 miles away from the Town of Newellton. He has requested that he be allowed to use the Town's truck to travel back and forth from his home to work and keep the truck at his home when he is not at work. Your office indicated that the Town reimburses its employees for miles traveled in their personal vehicles in furtherance of their public duties. There is no provision in this employee's employment contract that he be provided with a vehicle. Although he may be called upon for an emergency, he may use his personal vehicle to drive to the Town and pick up the Town's truck. He is reimbursed for miles traveled in his personal vehicle while performing his public duties. Again, this employee does not have a car allowance of any sort in his existing contract. Please note that the Town may provide for such by drafting a new contract or amending his existing contract.
Accordingly, it is our opinion that such use by this employee of the Town's truck would benefit him personally far greater than the Town. The other utility employees use their personal vehicles to travel to and from work and use the Town's truck while they are on the job. Thus, it is our opinion that to allow this one employee to use the truck to travel to and from his home and keep the truck at his home while he is not at work would be tantamount to a donation of public funds which is expressly prohibited by our constitution.
If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG:crt
DATE RECEIVE: 05/15/01 DATE RELEASED: July 17, 2001
AUTHOR: TINA VICARI GRANT Assistant Attorney General